IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| INDUSTRIAL MAGNETICS, INC.,  )<br>A Michigan Corporation,     )<br>                              )<br>         Plaintiff,          )<br>v                             )<br>                              )<br>INDUSTRIAL MAGNETICS,         )<br>A Foreign Corporation,        )<br>                              )<br>         Defendant.           )<br>                              )<br>                              ) | Civil Action No.:<br><br>**JURY DEMAND** |

## COMPLAINT

INDUSTRIAL MAGNETICS, INC. (herein "IMI" or "Plaintiff") states as its Complaint against Defendant INDUSTRIAL MAGNETICS (herein "Magnetics" or "Defendant") as follows:

### NATURE OF THE CASE

1. This suit arises from Defendant's infringement of Plaintiff's trademark "INDUSTRIAL MAGNETICS & Design". Plaintiff is the owner of the trademark, which is the subject of registration before the United States Trademark Office, specifically, United States Trademark Registration 3,284,113.

2. Since learning of Defendant's infringement, Plaintiff has attempted to resolve the matter without involving the Court. As recently as September 8, 2015, Plaintiff has requested that Defendant discontinue use of the mark "INDUSTRIAL MAGNETICS". Defendant, however, has ignored the Plaintiff's request and has persisted in infringing the Plaintiff's mark and left Plaintiff no choice but to bring this lawsuit to prevent Defendant from deceiving and confusing the public and harming the Plaintiff's goodwill.

3. On information and belief, Defendant has been aware of the Plaintiff's trademark rights and registration as a result of Defendant's activities in the marketplace.

4. Accordingly, Plaintiff brings this action for trademark infringement, false designation of origin, false descriptions and unfair competition in violation of 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a), for false and deceptive trade practices under the laws of the State of Michigan, MCL § 445.901 *et seq.* and for false and deceptive trade practices under the laws of all states for which the Defendant has sold its products, and for unjust enrichment and unfair competition under state common law.

## PARTIES

5. Plaintiff (also referred to as "IMI") is a corporation organized and existing under the laws of the State of Michigan with its principal place of business in this District, in Boyne City, Michigan.

6. Defendant, on information and belief, is a corporation of the nation of India, doing business as "INDUSTRIAL MAGNETICS", and operates from facilities at 1672/26, Amar Colony, Pataudi Road, Gurgaon-122001, Haryama, India. Defendant has engaged in trademark infringement, unfair competition, unfair competition, false and deceptive trade practices and other tortious activities which are the subject of this claim, throughout the United States.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a).

8. This Court has personal jurisdiction over the Defendant because said Defendant transacts business within this District and this State or has otherwise made or established contacts with this State sufficient to permit the exercise of personal jurisdiction.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District, in that the Defendant has conducted activities that are the subject of this Action within this District. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(c).

**FACTS**

10. Plaintiff, IMI, is one of the United States' leading manufacturers of a wide variety of magnets and magnetic equipment used in the manufacturing and product-handling processes. Plaintiff employs an extensive staff of designers, engineers and production workers, and has supplied products and services to literally thousands of companies worldwide. Plaintiff has been in operation since at least as early as 1961, and Plaintiff's name, trademarks and service marks are well known throughout the United States and worldwide.

11. Beginning at least as early as 1961, Plaintiff adopted and began using in commerce the trademark "INDUSTRIAL MAGNETICS" and associated design, for use on a wide variety of machinery and magnets.

12. At the same time, IMI has adopted and began using the service mark "INDUSTRIAL MAGNETICS" in association with manufacturing and design services.

13. IMI's common law trademark and service mark "INDUSTRIAL MAGNETICS" has become famous in the marketplace, and is well known as an indicator of the quality and reliability of the Plaintiff's products and services.

14. Plaintiff has owned United States Trademark Registration 3,284,113 since at least as early as August 28, 2007.

15. Plaintiff has expanded its use of the mark to include conventional and internet consulting, advertising and marketing of products.

# COUNT I
## Trademark Infringement
### 15 U.S.C. § 1114

16. Plaintiff realleges and incorporates by reference the allegations of the Complaint as set forth in paragraphs 1-15 above, as if fully set forth herein.

17. On information and belief, on or about August 1, 2015, Defendant adopted the trademark "INDUSTRIAL MAGNETICS", for use in association with the manufacture and sale of magnets and product-handling machinery. Defendant further adopted the mark for use in association with design services, specifically, design of standard and custom magnets and product-handling machinery.

18. The Defendant's adoption and use of the Plaintiff's trademark has caused and is likely to cause confusion in the marketplace. Specifically, the Defendant has adopted a mark which is nearly identical to Plaintiff's mark, is applying the infringing mark to and in association with nearly identical goods and services to those of the Plaintiff, and is using identical marketing channels to distribute its products and services.

19. As a result of the actions of the Defendant, consumers are likely to be confused, mistaken or deceived, and, on information and belief, there have been instances of actual confusion among the consuming public as to the sponsorship of Plaintiff's goods and services by the Defendant.

20. The foregoing acts constitute a violation of 15 U.S.C. § 1114.

21. The Defendant's unauthorized use of the Plaintiff's registered mark has caused and, unless restrained, will continue to cause great and irreparable injury to the Plaintiff and the business and goodwill represented thereby, and to impair the value of the Plaintiff's trademark resulting in damages in an amount that cannot be presently ascertained and leaving the Plaintiff with no adequate remedy at law.  Plaintiff, therefore, is entitled to injunctive relief pursuant to 15 U.S.C. § 1114.

22. The Defendant's actions further demonstrate a willful intent to trade on the reputation and goodwill associated with the Plaintiff's mark, thereby entitling Plaintiff to recover treble damages, costs and reasonable attorney fees pursuant to 15 U.S.C. § 1117.

## COUNT II
### False Designation of Origin, False Representations and Federal Unfair Competition Pursuant to 15 U.S.C. § 1125(a)

23. Plaintiff realleges and incorporates by reference the allegations of the Complaint as set forth in paragraphs 1-22 as if fully set forth herein.

24. The Defendant's unauthorized use of the Plaintiff's mark constitutes a false representation, false description and false designation of origin that likely has caused and is likely to cause confusion or mistake or to deceive consumers as to the affiliation, connection or association of the Defendant with the Plaintiff.  Such actions constitute unfair competition in violation of 15 U.S.C. § 1125(a), being Section 43(a) of the Lanham Act.

25. The Defendant's unauthorized use of the Plaintiff's mark further constitutes false representations, false descriptions and false designations of origin that likely have

caused and are likely to cause confusion or mistake, or to deceive as to the affiliation, connection or association of its goods with the Plaintiff, or as to the origin, sponsorship, or approval of its goods. Such actions constitute unfair competition in violation of 15 U.S.C. § 1125(a), being Section 43(a) of the Lanham Act.

26. The Defendant's unauthorized use of the Plaintiff's mark has caused and unless restrained, will cause great and irreparable injury to the Plaintiff, and the business and goodwill represented thereby, and to impair the value of Plaintiff's trademark, resulting in damages in an amount that cannot be presently ascertained and leaving Plaintiff with no adequate remedy at law. Plaintiff, therefore, is entitled to injunctive relief pursuant to 15 U.S.C. § 1114.

27. The Defendant's actions demonstrate a willful attempt to trade on the reputation and goodwill associated with the Plaintiff and the Plaintiff's mark, thereby entitling Plaintiff to recover treble damages, costs and reasonable attorney fees pursuant to 15 U.S.C. § 1117.

### COUNT III
### Deceptive Trade Practices and Acts in Violation
### Of Michigan Compiled Laws § 445.903 and Other State Statutes

28. Plaintiff realleges and incorporates by reference the allegations of the Complaint as set forth in paragraphs 1-27 above, as if fully set forth herein.

29. The Defendant's acts constitute unfair, unconsciousable or deceptive methods, acts or practices in conducting trade or commerce in violation of Michigan Compiled Laws § 445.901 *et seq.* and the common law.

30.     The Defendant's unauthorized use of the Plaintiff's mark in connection with the sale, distribution, offer for sale or advertisement of goods and services is likely to cause confusion or misunderstanding as to the source, sponsorship, approval or certification of the goods in violation of Michigan Compiled Laws § 445.903(1)(a).

31.     By promoting itself as the provider of goods bearing the Plaintiff's mark, the Defendant has represented that these goods have sponsorship, approval or characteristics that they do not have and that the Defendant has the sponsorship approval, status, affiliation or connection with the Plaintiff which it does not have in violation of Michigan Compiled Laws § 445.903(1)(c).

32.     The Defendant's acts also constitute unfair or deceptive acts or practices in the course of business, trade or commerce in violation of the unfair and deceptive trade practices statutes of other states, including California, CAL. BUS. & PROF. CODE § 17200, *et seq.*; Colorado, COLO. REV. STAT. ANN. §§ 6-1-101 to 6-1-115; Delaware, DEL. CODE ANN. tit. 6, §§ 2531 to 2536; Georgia, GA. CODE ANN. §§ 10-1-370 to 10-1-375; Hawaii, HAW. REV. STAT. §§ 481A-l to 481A-5; Illinois, ILL. COMP. STAT. ANN., ch. 815,510/1 to 510/7; Maine, ME. REV. STAT. ANN. tit. 10, §§ 1211 to 1216; Minnesota, MINN. STAT. ANN. § 325D.43 to .48; Nebraska, NEB. REV. STAT. §§ 87-301 to 87-306; New Mexico, N.M. STAT. ANN. §§ 57-12-1 to 57-12-22; New York, N.Y. GEN. BUS. Law § 349; Ohio, OHIO REV. CODE ANN. §§ 4165.01 to 4165.04; and Oklahoma, OKLA. STAT. ANN. tit.78, §§ 51 to 55.

33.     The Defendant's unauthorized use of the Plaintiff's mark likely has caused and, unless restrained, will continue to cause substantial injury to the public and to the

Plaintiff.  Plaintiff is entitled to injunctive relief and to recover damages and as appropriate, punitive damages, costs, and reasonable attorney's fees.

## COUNT IV
## Unjust Enrichment Under State Common Law

34. Plaintiff realleges and incorporates by reference the allegations of the Complaint as set forth in paragraphs 1-33 above, as if fully set forth herein.

35. Defendant's conduct has resulted in an inequitable benefit to Defendant, and, unless restrained, will continue to do so, causing substantial and irreparable injury to Plaintiff.  Defendant has profited and, unless restrained, will continue to profit from its unauthorized use of Plaintiff's "INDUSTRIAL MAGNETICS" mark and corresponding goodwill, which is substantial, but in which Defendant has made no investment.  As a result of this unjust enrichment, Plaintiff is entitled, under Michigan common law and the law of the several states in which Defendant has marketed and sold its products, to injunctive relief and to recover Defendant's profits, Plaintiff's damages, and, as appropriate, punitive damages, costs, and reasonable attorneys' fees.

## COUNT V
## Trademark Infringement and Unfair Competition Under State Common Law

36. Plaintiff realleges and incorporates by reference the allegations of the Complaint as set forth in paragraphs 1-35 above, as if fully set forth herein.

37. Defendant's actions constitute trademark infringement and unfair competition in violation of the common law of states in which it has marketed and sold its infringing goods.

38. Defendant's unauthorized use of Plaintiff's mark has caused and, unless restrained, will continue to cause great and irreparable injury to Plaintiff, and the business and goodwill represented thereby, in an amount that cannot be presently ascertained. Plaintiff, therefore, is entitled to injunctive and monetary relief.

39. Defendant's unauthorized use of Plaintiff's mark has caused and, unless restrained, will continue to cause great and irreparable injury to Plaintiff, and the business and goodwill represented thereby, in an amount that cannot be presently ascertained. Plaintiff, therefore, is entitled to injunctive and monetary relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays:

1. That the Court enter judgment that Defendant's actions have violated and, unless enjoined, will continue to violate the rights of Plaintiff under the Lanham Act, and under state statutory and common law.

2. That the Court preliminarily and permanently enjoin and restrain Defendant, its subsidiaries and affiliated companies, and its officers, directors, agents, servants, employees, affiliates, and all other persons acting in concert, or participating, with Defendant:

(a) From using the "INDUSTRIAL MAGNETICS" mark, or any other trademark, service mark, name, logo or source designation of any kind that is confusingly similar to Plaintiff's "INDUSTRIAL MAGNETICS" mark for any product or service;

(b) From using Plaintiff's marks in any way that is likely to confuse the public that Defendant is approved or licensed by, or associated with, Plaintiff;

  (c) From otherwise competing unfairly with Plaintiff in any manner;

  (d) From conspiring with, aiding, assisting or abetting any other person or business entity from engaging in or performing any of the activities referred to in subparagraphs (a)-(c) above.

 3. That the Court preliminarily and permanently enjoin and restrain Defendant, its subsidiaries and affiliated companies, and its officers, directors, agents, servants, employees, affiliates, and all other persons acting in concert, or participating, with Defendant to deliver up and/or destroy all infringing articles and materials in its possession or control that depict the unauthorized use of Plaintiff's mark, including all products, signs and marketing materials.

 4. That the Court order Defendant to file with the Court and to serve on counsel for Plaintiff, within thirty (30) days after the entry and service on Defendant of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the foregoing injunction provisions.

 5. That the Court order an accounting and render judgment against Defendant for an amount equal to treble all profits received from their unauthorized use of Plaintiff's mark.

 6. That the Court enter judgment in favor of Plaintiff for all damages sustained on account of Defendant's unfair competition and false designation of the origin of its products and that such damages be trebled pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117(a).

 7. That Plaintiff be awarded its attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1117(a).

 8. That Plaintiff be awarded punitive damages pursuant to state law.

9. For such other and further relief as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Now comes the above-named Plaintiff and hereby demands trial by jury as to all issues so triable in this cause.

                                 s/Marshall G. MacFarlane
                                 _____

                                 Marshall G. MacFarlane
                                 YOUNG BASILE HANLON & MACFARLANE P.C.
                                 301 E. Liberty, Suite 680
                                 Ann Arbor, Michigan 48104
                                 (734) 662-0270
                                 macfarlane@youngbasile.com
DATED:  December 2, 2015       Attorneys for Plaintiff